(50 Misc. Rep. 646)

### FULLER v. CHRISTIAN.

(Supreme Court, Appellate Term. April 24, 1906.)

SALES—BREACH OF CONTRACT—DEFENSES.

 Where a contract for the sale of corporate stock was modified by extending the time for performance by the seller, this constituted no defense to an action for the breach of the contract by him, where the certificates of stock were never delivered, though the condition which the delivery was to await was fulfilled.

 [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1159.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Frank Fuller against Eugene Christian for breach of contract for sale and delivery of corporate stock. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Arthur J. Gotthold, for appellant.
Gardenhire & Jetmore, for respondent.

BISCHOFF, J. Accepting the defendant's testimony as a modification of his agreement as expressed in the receipt delivered at the time the money in question was paid in, time for performance upon his part in the delivery of the certificates of stock was postponed, but the agreement was not otherwise changed, and it remained that the buyer (the plaintiff's assignor) was entitled to an actual delivery of the certificates evidencing the issue of stock. The condition which the delivery was to await, as agreed, was concededly fulfilled, and the certificates were not delivered by the defendant, who rested his defense upon the claim that the stock was issued according to the stock-book of the corporation, and upon his belief that the certificates were mailed to the plaintiff's assignor. There was, however, no proof of mailing, and the fact that the stock was issued (assuming the proof to have been competent) was wholly immaterial to the question of the defendant's performance of his agreement to deliver the certificates. Nonperformance was sufficiently indicated by the plaintiff's evidence of the failure to deliver the stock, and the evidence for the defendant in no way supported a defense to the cause of action.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.